# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4115 | **DATE** | 9/10/2012 |
| **CASE TITLE** | Williams vs. Godinez, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiffs' Motion to Stop/Reverse Transfer [10] is denied. The court adheres to its previous opinion of 07/02/2012, holding that the Southern District of Illinois is a clearly more convenient forum for this action. For purposes of clarifying the docket, the court grants Defendants' Agreed Motion for Enlargement of Time to Respond to the Motion to Stop/Reverse Transfer [25].

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

On July 2, 2012, the court transferred this § 1983 action to the United States District Court for the Southern District of Illinois. Plaintiffs have now moved the court to reverse the transfer. The court adheres to its conclusion that the more appropriate venue for the action lies in the Southern District of Illinois and denies the motion to reverse the transfer.

If venue in a plaintiff's chosen forum is proper but not convenient, a court may transfer the case pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The party moving for transfer has the burden of establishing "that the transferee forum is clearly more convenient," based on the particular facts of the case. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). The district court has the authority to "make whatever factual findings are necessary . . . for determining where venue properly lies." *In re LimitNone, LLC*, 551 F.3d 572, 577 (7th Cir. 2008). As the Seventh Circuit has recognized, deciding whether to transfer a case requires a "flexible and individualized analysis" based on the circumstances of a particular case. *Research Automation, Inc. v. Schrader–Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (internal citations omitted). The district court has wide discretion in deciding whether transfer is appropriate. *Tice v. Am. Airlines, Inc.*, 162 F.3d 966, 974 (7th Cir. 1988).

In deciding whether transfer would promote convenience, courts weigh the plaintiff's choice of forum, the convenience to the parties, "the availability of and access to witnesses, . . . the location of material events and the relative ease of access to sources of proof." *Research Automation*, 626 F.3d at 978 (internal citations omitted). Relevant to whether the transfer is "in the interest of justice" are such factors as "docket congestion and likely speed to trial in the transferor and potential transferee forums, . . . each court's relative familiarity with the relevant law, . . . the respective desirability of resolving controversies in each locale, . . . and the relationship of each community to the controversy[.]" *Id*.

## STATEMENT

Plaintiffs claim, on behalf of themselves and a class of former and current inmates, that they were subject to unconstitutional conditions of confinement at the Dixon Springs Impact Incarceration Program, located at the Vienna Correctional Center in Vienna, Illinois. The court previously found in its July 2, 2012, opinion that all but one of the defendants in the case resided in Vienna, Illinois, located in the Southern District of Illinois. The court further found that the events giving rise to the lawsuit also occurred entirely in Vienna, Illinois, and that the most important witnesses and sources of proof were located there. Based on these findings, the court held that the Southern District of Illinois was clearly the most convenient forum for the action.

Plaintiffs challenge the court's decision to transfer the case on two grounds. First, they argue that Defendant Salvador Godinez, Director of the Illinois Department of Corrections, is an important defendant in the case whose office is in Chicago. Previously, the court found that Plaintiffs had pleaded no facts to support a claim against Godinez, who they sued only in his individual capacity. Plaintiff have filed a First Amended Complaint to add a claim against Godinez in his official capacity for injunctive relief. Second, Plaintiffs argue that this court is a clearly more convenient forum, because the named Plaintiffs would have trouble traveling to East St. Louis, which is about five hours from Chicago, to attend a trial. Plaintiffs further argue that Plaintiffs' witnesses as to damage issues are friends and family that are also located in Chicago.

The court finds Plaintiffs' arguments unavailing. Even assuming that Plaintiffs may seek injunctive relief against Godinez in his official capacity, Godinez had no personal involvement in the events at issue in the case and does not appear to be a likely witness. The fact that the he has an office in Chicago does not change the fact that all material events in the case occurred in the Southern District of Illinois, and that most party and non-party witnesses are located there. Moreover, to the extent that the class may include persons who are currently incarcerated in Vienna, they too are located in the Southern District of Illinois. Although Plaintiffs' family and friends may offer testimony about their damages, the crucial witnesses in this case are those who will testify about events pertinent to all class members that took place in Vienna. The court finds that these considerations outweigh the inconvenience to Plaintiffs in having to travel to the Southern District of Illinois in the event of a trial.

Finally, the "interest of justice" considerations also weigh in favor of transfer. Both districts are equally familiar with the relevant law, but the Southern District of Illinois has a greater interest in this case, as the Vienna Correctional Center is located there. For these reasons, Plaintiffs' motion to reverse the transfer of this action to the Southern District of Illinois is denied.